(Nos. 86-CC-2978, 86-CC-2979— ▮▮▮▮▮▮)

KATHLEEN S. POTTER *et al.*, and RONALD STRUEBIN *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 9, 1987.*

LANE & WATERMAN, for Claimants.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss, the Claimants' "resistances" thereto, the Court having reviewed the record and being fully advised in the premises, the Court finds:

1. An action was initiated in the Iowa district court for Scott County by Claimants against the State of Illinois alleging that James Potter and Joel Struebin died as a result of an accident on the I-80 bridge over the Mississippi River between Iowa and Illinois.

Over the objections of the State of Illinois, the Iowa court ruled there was jurisdiction over Illinois.

After trial, a jury awarded $196,000.00 to Struebin's estate, reduced to $57,070.59 because of Struebin's own negligence and the amount paid by the State of Iowa in settlement. The jury awarded Potter's estate $212,000.00 and reduced the amount to $61,729.41 for the same reasons. Claimants thereafter sought to garnish funds owed by Caterpillar Corporation to Illinois representing funds withheld for Illinois taxes.

Respondent urges that these actions which were filed April 18, 1986, should be dismissed because they are untimely and because of failure to give notice of the intent to commence wrongful death actions. If these actions are wrongful death actions, the Respondent is correct.

We do not believe that these actions are wrongful death actions. They do not seek to litigate the issue of wrongful death, but seek to collect monies alleged to be owed by virtue of the judgment of the Iowa district court. This finding, however, does not end our inquiry.

Section 9 of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.22) provides that

"Every claim cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within the time set forth as follows:

* * *

(f) All other claims must be filed within 2 years after it first accrues. . . ."

The complaints filed by Claimants each states in paragraph 2 as follows:

"2. This cause of action arises from the findings, conclusions, and judgments rendered against the State of Illinois in the Iowa District Court for Scott County on October 27, 1983 in Law No. 62716."

Claimants' complaints, in paragraph 4, allege that they had execution issue in order to collect the judgments. The Iowa Supreme Court, on March 19, 1986, affirmed, on different grounds, the district court's granting of a "special appearance" in the garnishment proceedings. A "special appearance" in Iowa appears to be the same as a "special and limited appearance" in Illinois. In any event, Claimants now urge that Respondent has "waived its right" to assert the Illinois statute of limitations because Illinois did not assert that defense in the Iowa proceeding. Additionally, Claimants assert that their Iowa judgment is entitled to full faith and credit under the Federal Constitution. Finally, Claimants assert that these claims "did not ripen until the decision of the Iowa Supreme Court (March 19, 1986). . . ."

Claimants' complaints make clear that their theory was that the causes of action accrued on the date of judgment, *i.e.*, October 27, 1983. The Iowa Supreme Court decision of March 19, 1986, was a post-judgment proceeding arising out of Claimants' attempts to garnish Illinois funds owed for Illinois taxes, and not the date the cause of action accrued.

The Iowa judgment apparently was not appealed. We need not reach the "full faith and credit" question since we do not have jurisdiction to consider this claim.

The Respondent could not "waive" the defense of the statute of limitations. The Illinois Court of Claims has only the jurisdiction conferred upon it by the Illinois General Assembly. Our legislature, pursuant to the Illinois Constitution, has waived sovereignty only to the extent set forth in the Court of Claims Act. We have no authority, and would violate our oath of office, to expand the time provided in the statute of limitations.

Accordingly, we have no alternative but to order that these causes are dismissed, with prejudice.